UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 13-138 |
| GREGORY WARD | SECTION: A(3) |

## ORDER

Before the Court is Defendant Gregory Ward's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody. (Rec. Doc. 77). The Government opposes the Motion. (Rec. Doc. 85). For the reasons that follow, Defendant's motion is **DENIED**.

### I.  Statement of the Case

In June of 2013, a federal grand jury sitting in the Eastern District of Louisiana returned a two count indictment charging Defendant with the following: Count 1 - possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); and Count 2 - possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). (Rec. Doc. 2). The grand jury issued a superseding indictment in October 2013 charging Defendant with possession "with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin" in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). (Rec. Doc. 35). In January of 2014, Ward pled guilty to Count 1 of the superseding indictment without a written plea agreement. (Rec. Doc. 52).

In May 2014, Ward was sentenced to a term of 236 months imprisonment as to Count 1 of the superseding indictment.[1] (Rec. Doc. 62). Ward filed a timely notice of appeal in May 2014. (Rec. Doc. 63). The United States Court of Appeals for the Fifth Circuit dismissed Ward's

---

[1] The Court dismissed the charges from the original indictment on the motion of the United States. (Rec. Doc. 62).

appeal as frivolous on March 11, 2015.  The Fifth Circuit's judgment became final 90 days later on June 9, 2015. On June 9 2016, Ward timely filed the instant § 2255 motion to vacate, set aside, or correct his sentence. (Rec. Doc. 77).

## II. Legal Standard

Ward bases his § 2255 motion alleging ineffective assistance of counsel by his attorney, Eddie Jordan, and requests that the Court vacate his sentence and conduct an evidentiary hearing. (Rec. Doc. 77-2). The Government opposes Ward's motion arguing that even if Jordan's assistance of counsel was deficient, Ward has not demonstrated that his defense was prejudiced. (Rec. Doc. 85). Alternatively, the Government seeks an evidentiary hearing should the Court find that Ward was prejudiced by Jordan's assistance of counsel.

To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668. 687 (1984)). That standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting *U.S. v. United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and

maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar*, 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

As for Ward's request for an evidentiary hearing, no hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

**III. Discussion**

Ward claims that his attorney, Eddie Jordan, was ineffective because he 1) failed to preserve Ward's appeal rights, 2) incorrectly advised Ward about the repercussions of his guilty plea, and 3) failed to attack the affidavit supporting the search warrant obtained to search Ward's apartment. The Government asserts that Ward has failed to prove that Eddie Jordan's performance was ineffective or that Eddie Jordan's performance prejudiced Ward's defense.

A. Ineffective Assistance of Counsel

    a. Failure to Obtain Conditional Plea

Ward first claims his counsel was ineffective for failing to obtain a conditional plea, which would have allowed him to preserve his appeal of the trial court's denial of a motion to suppress. The government argues that Ward can only claim ineffective assistance of counsel if the government had offered a plea agreement and asserts that it "never offered Ward a conditional plea." (Rec. Doc. 85, Pg. 5).

The United States Court of Appeals for the Fifth Circuit has said that once a guilty plea is entered, it waives all non-jurisdictional defects in the proceedings including "all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness related to the voluntariness of the giving of the guilty plea." *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Circ. 1983)). The Fifth Circuit has also held that when a review of the proceedings does "not show that the Government and the district court would have agreed to permit [defendant] to enter a conditional plea … it cannot be said that counsel prejudiced [defendant] by not attempting to procure such a plea for him." *United States v. Stevens*, 407 Fed.Appx. 859, 860 (5th Cir. 2011).

The Court finds that Ward has failed to demonstrate ineffective assistance of counsel for failure to obtain a conditional plea. A review of the proceedings does not show that the Government ever would have agreed to permit Ward to enter a conditional plea, and Ward has failed to produce any evidence that a conditional plea was offered. As such, under the law of this Circuit, it cannot be said that Eddie Jordan prejudiced Ward by not attempting to procure a conditional plea for him. Therefore, whether or not Eddie Jordan's performance fell below the standard of reasonableness, Ward fails to satisfy the second prong of the *Strickland* test, which requires that the attorney's performance prejudiced the defendant. Thus, he has not met the *Strickland* standard under his § 2255 ineffective assistance of counsel claim on this issue.

b.  Incorrect Advice of the Repercussions of a Guilty Plea

Ward asserts that his attorney Eddie Jordan incorrectly advised him about the repercussions of his guilty plea such that Ward's plea was not entered knowingly and voluntarily. The Government does not concede deficiency by Jordan, but asserts that even if his advice was deficient, Ward has failed to prove that he was prejudiced.

4

When assessing whether counsel was ineffective for alleged failure to inform a defendant of the repercussions of his guilty plea, the United States Court of Appeals for the Fifth Circuit held that "'[a]bsent evidence in the record, a court cannot consider a … petitioner's bald assertions'" of counsel's misleading advice. *United States v. Ancira*, 83 F.3d 419, 1996 WL 197558, at *4 (5th Cir. 1996) (quoting *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983)). Ward points out that the United State Court of Appeals for the Fifth Circuit has held that a counsel's advice constituted deficient performance, satisfying the *Strickland* standard, when he advised his client that he would be able to appeal the trial court's suppression rulings regardless of his guilty plea. *United States v. McDonald*, 416 Fed.Appx.433, 436 (5th Cir. 2011). However, in *McDonald*, the defendant submitted his sworn affidavit as well as the sworn affidavit of his attorney, both averring that the attorney advised his client that he may plead guilty and reserve his right to appeal his suppression motion after submitting an unconditional guilty plea.

The Court finds that Ward has failed to prove that Eddie Jordan's counsel was deficient. Unlike the defendant in *McDonald*, Ward has not produced an affidavit by Jordan averring that Jordan advised Ward that he could appeal his suppression motions, even after pleading guilty. He has only submitted his affidavit and the affidavit of his wife Danyell Ward. Additionally, Ward participated in a plea colloquy in which he waived his right to trial and any other rights. In response to the Court's question of whether Ward understood that his guilty plea meant his waiver of a right to trial as well as other rights, Ward replied "[y]es, I do, Your Honor." (Rec Doc. 73, Pg. 7). Without support from the record, Ward merely makes the bald assertion that Eddie Jordan advised Ward that his right to appeal the district court's suppression ruling was preserved. Thus, Ward has not proven that Eddie Jordan's performance was deficient as required by the *Strickland* standard.

The Court further finds that even if Eddie Jordan's performance was deficient in his advice to Ward, Ward has failed to prove prejudice. Ward has failed to prove prejudice, the second element of the *Strickland* test, because he has failed to show that there is a reasonable probability that he would not have plead guilty and would have insisted on going to trial. The United States Court of Appeals for the Fifth Circuit considers a number of factors[2] under "the totality of the circumstances" when it assesses prejudice under *Strickland*. *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014). Relevant factors include "the strength of the evidence against the petitioner, the benefit received under the terms of the agreement relative to the petitioner's sentencing exposure should he have gone to trial, and the information made available to the petitioner during the plea colloquy." *United States v. Herbert*, 2014 WL 5810519 (E.D. La. 2014).

Ward has failed to show a reasonable probability that he would have insisted on going to trial considering the amount of evidence against him and the benefit he received from his guilty plea. The government's evidence included 927.1 grams of heroin found in Ward's apartment as well as over $7,000 in cash, and the fact that Ward fled from the police and led the police on a high-speed chase, was approached by a known drug user on the day of his arrest, and had prior convictions for possession with the intent to distribute cocaine and crack, and attempted murder. (Rec. Doc. 85, Pg. 7). The Probation Officer determined Ward to be a career offender with an offense level of 37, with guidelines of 360 months to life.[3] However, by accepting responsibility, Ward lowered his offense level by three points, and was sentenced to a term of 236 months imprisonment. Considering the weight of the Government's evidence, the Government's

---

[2] Factors considered in *Kayode* included the evidence used to support defendant's assertion of prejudice, likelihood of success at trial and the risks defendant would have faced at trial. *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014).
[3] http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2013/manual-pdf/Sentencing_Table.pdf.

likelihood of success at trial, and Ward's benefit that he received from pleading guilty, Ward has not shown a reasonable probability that he would have insisted on going to trial. Thus, he has not met the *Strickland* standard under his § 2255 ineffective assistance of counsel claim on this issue.

      c. Failure to Attack Affidavit Supporting Search Warrant

Ward's last assertion is that Eddie Jordan was ineffective because he failed to attack the validity of the affidavit supporting the search warrant used to search his house. Ward argues that the affidavit used to obtain the search warrant was a "bare bones affidavit," insufficient to support probable cause, because there was no nexus between the evidence seized from Ward's vehicle/person and his residence, and the affidavit contained wholly conclusory statements. The Government asserts that the affidavit had sufficient information to support probable cause necessary to issue the warrant. The Government argues that the affidavit contained sufficient information, courts give much deference to the magistrate judge issuing the search warrant, and whether or not to challenge the affidavit used to obtain a search warrant falls within trial strategy.

The Court finds that Ward has not proven ineffective assistance of counsel based on Eddie Jordan's failure to attack the affidavit used to obtain the search warrant of Ward's house, because doing so would have been a futile claim by Eddie Jordan. The Court further finds that Eddie Jordan's performance was not ineffective even if attacking the affidavit would have been meritorious.

The magistrate determined that there was probable cause to issue a search warrant after he read the affidavit, and "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). The United States Court of Appeals for the Fifth Circuit has repeatedly held that a magistrate must simply "make a

'practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit … there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Allen*, 625 F.3d 830, 840 (5th Cir. 2010) (quoting *United States v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004)).

Ward first argues that the affidavit was bare bones and insufficient to support probable cause, because there was no nexus between the evidence seized from Ward's vehicle/person and his residence. However, the affidavit used to obtain the search warrant of Ward's apartment stated that "a certified FBI informant further stated that "Fat Greg" kept his heroin at … 601 St. Mary Street apartment 502," the very residence for which the search warrant was used. (Rec. Doc. 77-6, Pg. 2). Further, the affidavit states that officers observed Ward leave his residence before conducting two drug transactions, and that Ward nodded when officers asked if he had additional contraband in his apartment. Considering the facts set forth in the affidavit, Ward's argument that the affidavit does not demonstrate a sufficient nexus between the evidence seized from Ward's vehicle/person and his residence has no merit.

Ward secondly argues that the affidavit was bare bones, insufficient to support probable cause, because it solely contained conclusory statements. However, the Court finds that the statements in the affidavit were not conclusory. The Court finds it significant that "a police investigation corroborated some of the evidence provided by the informants." *United States v. Fields*, 72 F.3d 1200, 1214 (5th Cir. 1996). The affidavit contained information about Detective Carwile's controlled purchase to ensure that Ward was selling heroin. Even if, as Ward argues, "the affidavit does not provide the magistrate sufficient information to judge the credibility of the confidential informant … [t]his failure does not compel a conclusion that the warrant was invalid" when the police officers conducted their independent investigation. *United States v.*

*Settegast*, 755 F.2d 1117, 1111-12 (5th Cir. 1985). The affidavit also details Detective Carwile's observation of Ward conducting drug sales after leaving his apartment, Ward's flight from the officers, and Ward's affirmative nod when asked if he had more drugs in his residence.

The affidavit used to obtain the search warrant of Ward's residence clearly had sufficient information to support the magistrate's finding of probable cause. Attacking the affidavit would have been a futile claim, which Eddie Jordan was not required to make.[4] Accordingly, Eddie Jordan's failure to attack the affidavit did not constitute ineffective assistance of counsel. Thus, having found that attacking the affidavit would have been meritless, the Court finds that Eddie Jordan was not ineffective in failing to do so, and Ward is not entitled to § 2255 relief on this issue.

Even if Ward had proven that attacking the affidavit would have been a meritorious claim, Eddie Jordan's failure to attack the affidavit would merely be trial strategy insufficient to constitute ineffective assistance of counsel. The Government correctly points out that "[t]he filing of pretrial motions falls squarely within the ambit of trial strategy." *Hall v. Whitley*, 998 F.2d 1014, 1993 WL 277171, at *5 (5th Cir. 1993) (citing *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984)). The United States Court of Appeals for the Fifth Circuit has articulated that "the law in this circuit is clear that counsel was not required to … raise every potential meritorious claim." *United States v. Garza*, 340 Fed.Appx. 243, 244-45 (5th Cir. 2009).

B.  Evidentiary Hearing

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arguellas*, 78 Fed. App'x 984, 986 (5th Cir. 2003) (quoting

---

[4] Attorneys are not required to file futile motions. *Hall v. Whitley*, 998 F.2d 1014, 1993 WL 277171, at *5 (5th Cir. 1993).

28 U.S.C. § 2255; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)). Because the Court finds that Ward's motion and the record conclusively show that he is not entitled to relief, the Court finds it unnecessary to conduct an evidentiary hearing.

Accordingly;

**IT IS ORDERED** that Defendant Gregory Ward's Motion to Vacate his conviction under 28 U.S.C. § 2255 (Rec. Doc. 77) is **DENIED**.

New Orleans, Louisiana, this 6th day of February, 2017.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE